NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DOUGLAS C. JONES, | ) | |
| | ) | Supreme Court No. S-16037 |
| Appellant, | ) | |
| | ) | Alaska Workers' Compensation |
| | ) | Appeals Commission No. 14-013 |
| | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT* |
| DEPARTMENT OF NATURAL | ) | |
| RESOURCES, DIVISION OF PARKS | ) | No. 1590 - July 6, 2016 |
| & OUTDOOR RECREATION, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Alaska Workers' Compensation Appeals Commission.

Appearances: Douglas C. Jones, pro se, Chugiak, Appellant. M. David Rhodes, Assistant Attorney General, Anchorage, and Craig W. Richards, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, and Bolger, Justices.

---

\*        Entered under Alaska Appellate Rule 214.

Douglas C. Jones was employed by the State of Alaska, Department of Natural Resources (DNR), as a field technician from 2001 to 2007. During his tenure he reported seven work-related injuries, most involving his back and shoulders. In 2009 and 2011 he filed claims for benefits under the Alaska Workers' Compensation Act based on these injuries. The Workers' Compensation Board held a hearing on his claims in February 2014. In an extensive written decision the Board reviewed the medical and other evidence and found: (1) that a November 2001 injury while Jones was employed by DNR was a substantial factor in his "need for continuing conservative medical care for his cervical, thoracic and lumbar myofascial pain," entitling him to "medical and related benefits" for this pain; and (2) that his work-related injuries while employed by DNR were not a substantial factor in causing any of his other ongoing medical complaints, meaning that his claims for other medical care, temporary and permanent disability, and reemployment benefits were denied.

Jones appealed the Board's decision to the Workers' Compensation Appeals Commission. The Commission summarized Jones's arguments on appeal as (1) "the workers' compensation system is biased and pro-employer," and (2) "the board did not adequately review the entire record" before reaching its decision. The Commission rejected these arguments as unsupported by the record; it then reviewed the Board's denials of Jones's various claims for benefits to determine whether the denials were supported by substantial evidence, concluding that they were.

Jones then appealed to this court. Although his claims are not clearly articulated, he appears to assert that DNR withheld unidentified information during the Board proceedings[1] and to argue that DNR is liable in negligence for his 2001 workplace

---

[1]     Addressing what appears to be the same claim, the Commission identified
(continued...)

injury.[2] He does not adequately brief either claim. "In a workers' compensation appeal from the Commission, we review the Commission's decision rather than the Board's and apply our independent judgment to questions of law not involving agency expertise."[3] We have carefully reviewed the Commission's decision and perceive no error in it.

We AFFIRM the decision of the Workers' Compensation Appeals Commission.

---

[1](...continued)
the allegedly withheld information as site photographs that DNR could not initially locate but did provide to Jones before the Board hearing. [Exc. 476]

[2]    An employer's negligence is irrelevant to whether the employee is entitled to workers' compensation benefits. *See Gunter v. Kathy-O-Estates*, 87 P.3d 65, 70 (Alaska 2004) ("Alaska Statute 23.30.055 establishes that an employer's workers' compensation liability, which the employer must pay irrespective of fault, 'is the exclusive remedy for an employee injured during the course of employment.' " (quoting *Fenner v. Municipality of Anchorage*, 53 P.3d 573, 575 (Alaska 2002))).

[3]    *Humphrey v. Lowe's Home Improvement Warehouse, Inc.*, 337 P.3d 1174, 1178 (Alaska 2014) (citing *Shehata v. Salvation Army*, 225 P.3d 1106, 1113 (Alaska 2010)).